UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANE PATRICK CLARK                                CIVIL ACTION

VERSUS                                            NUMBER: 13-0111

CAROLYN W. COLVIN, ACTING                         SECTION: "F"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(B), this matter comes before the Court on the parties' cross-motions for summary judgment following a decision of the Commissioner of the Social Security Administration denying plaintiff's application for Disability Insurance Benefits ("DIB").  (Rec. docs. 9, 10).

Dane Patrick Clark, plaintiff herein, filed the subject application for DIB on November 16, 2010, with a protective filing date of October 26, 2010, alleging disability as of February 19, 2010.  (Tr. pp. 114-115, 130).[1]/  In a Disability Report that

---

[1]/ A review of the record reveals that plaintiff had filed a previous application for DIB that was denied at the initial level of the Commissioner's administrative review process on May 17, 2010.  (Tr. p. 130).

appears in the record, the conditions resulting in plaintiff's inability to work were identified as post-traumatic stress disorder ("PTSD"), chondromalacia of the knees, chronic lumbar strain, and protein C deficiency. (Tr. p. 134). Plaintiff's application for DIB was denied at the initial level of the Commissioner's administrative review process on April 11, 2011. (Tr. pp. 70-73). Pursuant to plaintiff's request, a hearing *de novo* before an Administrative Law Judge ("ALJ") went forward on July 8, 2011 at which plaintiff, who was represented by counsel, and a Vocational Expert ("VE") appeared and testified. (Tr. pp. 74-75, 34-57). On August 26, 2011, the ALJ issued a written decision in which he concluded that plaintiff was not disabled within the meaning of the Social Security Act. (Tr. pp. 18-33). The Appeals Council ("AC") subsequently denied plaintiff's request for review of the ALJ's decision, thus making the ALJ's decision the final decision of the Commissioner. (Tr. pp. 1-6). It is from that unfavorable decision that the plaintiff seeks judicial review pursuant to 42 U.S.C. §405(g).

In his cross-motion for summary judgment, plaintiff frames the issues for judicial review as follows:

1.  [w]hether the ALJ committed reversible error in failing to evaluate and explain the rejection of Clark's VA disability rating.

2.  [w]hether the ALJ's RFC reasonably took into account all of Clark's recognized non-exertional impairments.

(Rec. doc. 9-1, p.4).

Relevant to the issues to be decided by the Court are the following findings that were made by the ALJ:

1. [t]he claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. [t]he claimant has not engaged in substantial gainful activity since February 19, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. [t]he claimant has the following severe impairments: degenerative joint disease of the bilateral knees; posttraumatic stress disorder (PTSD); and depressive disorder (20 CFR 404.1520(c)).

4. [t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. [a]fter careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he is limited to simple, routine, and repetitive tasks with one or two-step instructions, in a work environment free of any fast paced production requirements, involving only simple, work related decisions, with few, if any, work place changes, and only occasional interaction with public and/or co-workers.

6. [t]he claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. [t]he claimant was born on November 21, 1979 and was 30 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. [t]he claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. [t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in

significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. [t]he claimant has not been under a disability, as defined in the Social Security Act, from February 19, 2010, through the date of this decision (20 CFR 404.1520(g)).

(Tr. pp. 23, 25, 28, 29).

Judicial review of the Commissioner's decision to deny DIB is limited under 42 U.S.C. §405(g) to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision, and (2) whether the decision comports with relevant legal standards. Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992); Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990); Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. 42 U.S.C. §405(g); Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420 (1971). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Jones v. Heckler, 702 F.2d 616, 620 (5th Cir. 1983). The Court may not reweigh the evidence or try the issues de novo, nor may it substitute its judgment for that of the Commissioner. Cook v. Heckler, 750 F.2d 391, 392 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to

resolve, not the courts.  Patton v. Schweiker, 697 F.2d 590, 592 (5th Cir. 1983).

A claimant seeking DIB bears the burden of proving that he is disabled within the meaning of the Social Security Act.  Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988).  Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which...has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).  Once the claimant carries his initial burden, the Commissioner then bears the burden of establishing that the claimant is capable of performing substantial gainful activity and is, therefore, not disabled.  Harrell, 862 F.2d at 475.  In making this determination, the Commissioner utilizes the five-step sequential analysis set forth in 20 C.F.R. §404.1520, as follows:

> 1. an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.
>
> 2. an individual who does not have a "severe impairment" will not be found to be disabled.
>
> 3. an individual who meets or equals a listed impairment in Appendix 1 of the Regulations will be considered disabled without consideration of vocational factors.
>
> 4. if an individual is capable of performing the work that he has done in the past, a finding of "not disabled" must be made.
>
> 5. if an individual's impairment precludes him from performing his past work, other factors, including age,

education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed.

On the first four steps of the analysis, the claimant bears the initial burden of proving that he is disabled and must ultimately demonstrate that he is unable to perform the work that he has done in the past.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5 (1987).  If the analysis reaches the fifth step, the ALJ may establish that other work is available that the claimant can perform by relying on expert vocational testimony or other similar evidence to establish that such jobs exist.  Fraga, 810 F.2d at 1304 (citing Lawler v. Heckler, 761 F.2d 195, 198 (5th Cir. 1985)).  Once the Commissioner demonstrates that the individual can perform other work, the burden then shifts back to the claimant to rebut that finding.  Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988); Fraga, 810 F.2d at 1302.

As noted above, plaintiff challenges the Commissioner's decision to deny him DIB on two grounds.  In the first of those, plaintiff argues that the ALJ committed reversible error by failing to evaluate and explain the rejection of the disability rating that was issued by the Department of Veterans Affairs ("VA").  Finding that contention to have merit, a discussion of plaintiff's second challenge will be pretermitted and it will be recommended, for the reasons that follow, that plaintiff's case be remanded to the Commissioner.

6

Among the numerous documentary exhibits that were admitted in the voluminous record of the administrative proceedings below was a Rating Decision that was issued by the VA on July 20, 2010. (Tr. pp. 178-183). In that decision, plaintiff was given a 50% disability rating due to PTSD, 20% disability ratings for left lower extremity and right upper extremity deep vein thrombosis, 10% disability ratings for chondromalacia of the knees, and a 10% disability rating for chronic lumbar strain with spondylosis. (Tr. pp. 178-179).

After filing his application for DIB several months later, plaintiff filed a new claim for VA benefits. (Tr. p. 175). In due course, he underwent a psychological evaluation and a report was issued by the VA on March 26, 2011 which included the following diagnoses: Axis I - PTSD with major depressive disorder symptoms that were more likely than not associated with PTSD; Axis II - deferred; and, Axis IV - a Global Assessment Functioning ("GAF") score of 48 which reflects significant impairment in personal and social functioning. (Tr. pp. 1078-1085). In the "Psychological Summary" portion of the report plaintiff was described as very emotionally detached; had problems with irritability and angry outbursts on a daily basis that affected his relationships with family; had lost interest in previously enjoyable activities; had dropped out of pharmacy school in the past year due to severe concentration problems; and, had frequent re-experiencing symptoms

7

of traumatic events which were distressing to him. (Tr. p. 1084). Plaintiff's condition was characterized as chronic and his PTSD and depressive symptoms had increased in the previous year. (Id.).

In connection with his new claim for benefits, the VA issued a new Rating Decision on April 25, 2011, effective as of December 7, 2010, which increased the disability rating of plaintiff's PTSD, depression, and anxiety from 50% to 70%. (Tr. pp. 175-177). Among the evidence that the VA had considered in making that new rating was the report of the psychological evaluation that had been performed on March 26, 2011. (Tr. pp. 175-176). In light of that new rating, plaintiff's overall or combined disability rating was calculated as 90% but he was being compensated at a rate of 100% because of his entitlement to "Individual Unemployability". (Tr. pp. 169-174).

At the administrative hearing that was held in this case on July 8, 2011, the sole reference that was in any way related to the updated disability rating was as follows:

> Q (ALJ): I understand you're currently receiving some compensation from the VA for your disability?
>
> A (claimant): Yes, sir.

(Tr. p. 41).

The ALJ would subsequently issue his unfavorable decision on plaintiff's application for DIB on August 26, 2011. (Tr. pp. 18-33). In it, although the ALJ twice mentioned various results of the March 26, 2011 psychological evaluation as well as other VA

treatment records, nowhere does he discuss the VA disability rating itself.

Under the law of the Fifth Circuit, an ALJ is required to consider disability determinations issued by the VA:

> [a] VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ. *See Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981). In *Rodriguez* and its progeny, we have sometimes referred to a VA disability determination as being entitled to "great weight." While this is true in most cases, the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case. Since the regulations for disability status differ between the SSA and the VA, ALJ's need not give "great weight" to a VA disability determination if they adequately explain the valid reasons for not doing so.
>
> <u>Chambliss v. Massanari</u>, 269 F.3d 520, 522 (5th Cir. 2001).

To that end, under Social Security Ruling ("SSR") 06-03p, which was cited in the ALJ's decision (Tr. p. 25), disability determinations made by other agencies are required to be considered:

> ...we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies ... Therefore, evidence of a disability decision by another governmental or nongovernmental

>  agency cannot be ignored and must be considered.
>
> SSR 06-03p, 2006 WL 2329939 at *6.  <u>See also</u> 20 C.F.R. §404.1512(b)(5).

Defendant concedes that the ALJ did not mention plaintiff's VA disability rating in his decision.  (Rec. doc. 10-3, p.4). Pointing to the above quoted exchange from the administrative hearing, while defendant is correct that the ALJ was aware that plaintiff was receiving VA benefits, that isolated inquiry can hardly be said to constitute a thorough and well-reasoned consideration of the VA's disability rating.  Citing <u>Pelkey v. Barnhart</u>, 433 F.3d 575, 579 (8th Cir. 2006), defendant also argues that there was no error on the ALJ's part because he fully considered the evidence underlying the VA's disability rating. Although the ALJ twice mentioned certain findings that were made at plaintiff's March 26, 2011 psychological evaluation, the report of that evaluation was but one piece of evidence that the VA considered in issuing its rating. (Tr. pp. 175-176).  <u>Pelkey</u> being an Eight Circuit case, it is not binding on the Court.  Moreover, the ALJ in that case had recalled that the claimant had earlier been issued a disability rating by the VA.  <u>Pelkey</u>, 433 F.3d at 579.  By contrast, the ALJ in the present case did not mention either the April 25, 2011 disability rating or the previous one from July 20, 2010.  The Court also cannot help but note that, at least in the eyes of the VA, there was a significant worsening of

plaintiff's condition in the relatively short period of time between July 20, 2010 and December 7, 2010, the effective date of the April 25, 2011 disability rating.  The majority of circuits plainly require some consideration by the Commissioner of VA disability determinations.  King v. Commissioner of Social Security, 779 F.Supp.2d 721, 725-26 (E.D. Mich. 2011)(and cases cited therein).

At least one district court within the Fifth Circuit has held that it is not sufficient for an ALJ to merely consider the evidence upon which a VA disability rating was based; rather, the ALJ must weigh and consider the VA rating itself.  Bragg v. Astrue, No. 11-CV-3826, 2012 WL 4356847 at *9-10 (S.D. Tex. Sept. 4, 2012), adopted, 2012 WL 4356844 (S.D. Tex. Sept. 21, 2012).  Relying on SSR 06-03p and Fifth Circuit precedent like Chambliss and the cases cited therein, other district courts have concluded that an ALJ's failure to consider a VA disability rating constitutes reversible error.  Jordan v. Astrue, No. 11-CV-3622, 2013 WL 865969 at *17 (S.D. Tex. Feb. 15, 2013), adopted, 2013 WL 842820 (S.D. Tex. March 6, 2013); Beltran v. Astrue, No. 09-CV-0111, 2010 WL 519760 at *4 n.48 (S.D. Tex. Feb. 9, 2010); J.W.M. v. U.S. Commissioner Social Security Administration, No. 08-CV-0814, 2009 WL 3645105 at *2 (W.D. La. Oct. 30, 2009).  In light of the foregoing authorities, it will be recommended that plaintiff's case be remanded to the Commissioner for proper consideration of the VA's disability

11

rating.

### RECOMMENDATION

For the foregoing reasons, it is recommended that defendant's motion for summary judgment be denied, that plaintiff's motion for summary judgment be granted in part, and that plaintiff's case be remanded to the Commissioner for proper consideration of the VA's disability rating.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. _Douglass v. United Services Auto. Assoc._, 79 F.3d 1415 (5th Cir. 1996)(_en banc_).

New Orleans, Louisiana, this __17th__ day of __December__, 2013.

*signature*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE